IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK E. MACGREGOR, | ) | 4:07CV3263 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHELE HILLMAN, sued in his or | ) | |
| her official and individual capacities, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 21, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his Complaint on November 21, 2007 against eleven Defendants, Michele Hillman, Robert Houston, Fred Britten, Michelle Donovan, Aaron Smith, John LeDuc, Brian Kirkendall, Richard Brittenham, Brian Gage, John Doe #1, and John Doe #2. Plaintiff states that Hillman, Houston, Britten, Donovan, Smith, LeDuc, Kirkendall, Brittenham, and Gage are all employees of Tecumseh State Correctional Institution ("TSCI") and that he is suing them in their individual and official capacities. Plaintiff states that John Doe #1 and John Doe #2 are employees of the Nebraska Department of Correctional Services ("DCS") and that he is suing them in their individual and official capacities.

Condensed and summarized, Plaintiff's Complaint alleges that on February 8, 2007, Defendants Donovan and Smith, along with other officers, performed a cell search of Plaintiff's cell. (Filing No. 1 at CM/ECF p. 6.) During the search, Smith and Donovan found contraband items and Plaintiff received a misconduct report. (*Id*. at CM/ECF p. 7.) Plaintiff claims that, during the search, he witnessed Defendants Donovan and Smith take items out of their pockets and drop them in the area where the officers found the contraband. (*Id*.) After finding the contraband, Defendant Donovan contacted Defendant LeDuc who came to Plaintiff's cell. (*Id*.) The guards determined that Plaintiff should be placed on limited property restriction. (*Id*.) As a result, all of Plaintiff's property was removed from his cell and he was left with one t-shirt, one pair of boxer shorts, one pair of socks, one blanket, and the mattress on his bed. (*Id*.) If Plaintiff needed toilet paper he had to ask staff for it and it was provided to Plaintiff in increments of 7 to 15 squares every few hours. (*Id*.) Plaintiff alleges that Defendant Hillman and/or DCS Administration knew that Donovan and Smith were planning to plant contraband in Plaintiff's cell, because he was placed on full restraint status on February 2, 2007, five days before the February 8, 2007 search of his cell. (*Id*. at CM/ECF p. 6.)

Plaintiff states that as a result of being "set-up" by Defendants, he became depressed and attempted to hang himself with a pair of boot laces. (*Id*. at CM/ECF p. 7.) The attempt was unsuccessful, however, during the suicide attempt Plaintiff injured his throat, so he contacted staff to request to see medical staff to tend to his throat. (*Id*.) After Plaintiff informed staff that he had attempted to commit suicide he was placed on suicide watch. (*Id*. at CM/ECF pp. 7-8.) Defendant LeDuc told Plaintiff to give up his clothes and provided Plaintiff with paper type clothing. (*Id*. at CM/ECF p. 8.) Plaintiff states that LeDuc then called for other guards who entered the cell "snatched the plaintiff off his bed, slammed him onto the floor, and placed him in restraints." (*Id*.) Plaintiff was then taken to an observation cell with a sink, toilet and a steel rack bolted to the center of the floor, and Plaintiff was given paper clothing and a security blanket. (*Id*.) Plaintiff states that he complained several times

about the cold but was ignored by some guards, and told by others there was nothing they could do for him. (*Id.*) Within hours of being placed in the observation cell, Plaintiff became sick with the flu. (*Id.*)

Two days later, on February 14, 2007, Plaintiff was released from the observation cell. (*Id.* at CM/ECF p. 9.) However, Plaintiff claims that his regular cell was also very cold, and that because he was on property restriction he did not have a sufficient amount of clothing to stay warm. (*Id.* at CM/ECF p. 11.)

Construed liberally, Plaintiff's Complaint asserts the following six claims: (1) Defendants Donovan's and Smith's actions of planting contraband in Plaintiff's cell during a search, resulted in Plaintiff being placed in an observation cell and a "strip cell" without heat or proper clothing in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; (2) Defendants Hillman, Donovan, and Smith denied the plaintiff due process of law in violation of his rights under the Fourteenth Amendment of the Constitution; (3) Defendants Hillman's, LeDuc's, Kirkendall's, Brittenham's, Gage's, and Britten's decision to turn Plaintiff's cell into a "strip cell," leaving Plaintiff in his improperly heated cell for 26 days without proper clothing, bedding, and with cold air blowing into the cell from outside violated the Eighth Amendment's prohibition against cruel and unusual punishment; (4) Defendants Houston's, Britten's, John Doe #1's and John Doe # 2's involvement in creating a policy that allows TSCI to punish inmates by placing them in "strip cells" for long periods of time without proper heat and/or proper clothing violated the Eighth Amendment's prohibition against cruel and unusual punishment; (5) Defendant Le Duc's placement of Plaintiff in an improperly heated observation cell without proper clothing, or a mattress, violated the Eighth Amendment's prohibition against cruel and unusual punishment; and (6) Defendants Britten's and Houston's failure to investigate Plaintiff's allegation that Defendant Hillman knew, and allowed, TSCI employees to plant contraband in his cell constituted deliberate indifference.

Plaintiff's Complaint asks this court to enter a declaratory judgment condemning Hillman's knowledge of Donovan's and Smith's plan to plant contraband on Plaintiff; condemning Donovan and Smith for planting the contraband; instructing Defendants Houston, Britten, and their agents to immediately halt their policy and practice of placing inmates in strip cells for long periods of time without proper clothing and/or bedding; requiring Defendants to ensure that all cells in the TSCI are properly heated during the winter; and requiring that the TSCI maintenance department install weather stripping along the bottoms of all cell unit yard doors to seal gaps. Plaintiff further requests that this court order the Defendants to expunge the misconduct reports from the Plaintiff's records, reinstate the Plaintiff on the SMU incentive program, and award Plaintiff $200,000 in monetary damages.

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro

4

se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.     Discussion of Claims**

      1.     Eighth Amendment Claims Against Defendants Michelle Donovan and Aaron Smith

As set forth above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Liberally construed, Plaintiff's first claim alleges that Defendants Donovan's and Smith's actions of planting contraband in Plaintiff's cell during a search, resulted in Plaintiff being placed in an observation cell and a "strip cell" without heat or proper clothing in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

A prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference," or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective

component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Plaintiff alleges that the actions of Donovan and Smith resulted in Plaintiff's placement on property restriction for two days in an improperly heated observation cell without proper clothing, and for twenty-six days in a improperly heated "strip cell" without proper clothing, bedding, and with cold air blowing into the cell from outside. Liberally construed, Plaintiff has set forth enough facts to nudge his claim against Defendants across the line from conceivable to plausible. As a result, Plaintiff's first claim against Donovan and Smith may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 2. <u>Fourteenth Amendment Due Process Claims Against Defendants Michele Hillman, Michelle Donovan, and Aaron Smith</u>

Plaintiff's second claim generally states that Defendants Hillman, Donovan, and Smith violated his right to due process of law. However, Plaintiff does not provide any specific allegation concerning how the Defendants violated his rights to due process of law.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or

property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*). Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted). Substantive due process rights are implicated when a state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (citations and quotations omitted).

Because Plaintiff fails to state any basis for his second claim, this claim will be dismissed for failure to state a claim upon which relief can be granted.

> 3. <u>Eighth Amendment Claims Against Defendants Michele Hillman, John LeDuc, Brian Kirkendall, Richard Brittenham, Brian Gage, and Fred Britten</u>

Plaintiff's third claim alleges that Defendants' decision to put him on property restriction, thereby converting his cell into a "strip cell," violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to provide constitutional living conditions.[1]

---

[1] It is of note that the fact section of Plaintiff's Complaint states that Defendants Donovan, Smith, and LeDuc made the determination to place Plaintiff on property restriction, thereby turning his cell into a "strip cell." But in his claims for relief Plaintiff states that Defendants Hillman, LeDuc, Kirkendall, Brittenham, Gage, and Britten made this decision. Because the court must liberally construe pro se pleadings, at this stage in the proceedings, the court will allow the claim to go forward against the Defendants named in the Complaint's claims for relief section. However, Plaintiff is warned that the court is cognizant of the Complaint's inconsistency.

In *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), the United States Supreme Court stated that the Constitution "does not mandate comfortable prisons." However, the treatment a prisoner receives in prison and the conditions of confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Specifically, the Supreme Court has held that the Eighth Amendment imposes duties on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of the inmates. *Id*. at 832-33.

In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Id*. at 834, 837 (citations omitted). Deliberate indifference is more than negligence. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). "[I]t requires proof of a reckless disregard of the known risk." *Id*. (citing *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)).

Here, Plaintiff alleges that the property restriction imposed on him by the Defendants, resulted in Plaintiff's exposure to extreme cold without access to proper clothing or other property to keep him warm. Liberally construed, Plaintiff has set forth enough facts to nudge his claim against Defendants across the line from conceivable to plausible. As a result, Plaintiff's third claim against Hillman, LeDuc, Kirkendall, Brittenham, Gage, and Britten may proceed. However, again the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 4. Eighth Amendment Claims Against Defendants Robert Houston, Fred Britten, John Doe # 1, and John Doe #2

Plaintiff's fourth claim alleges that TSCI has a policy of placing prisoners on property restriction for extended periods of time in prison cells that are not properly heated. Plaintiff alleges that such a policy violates the Eighth Amendment's prohibition against cruel and unusual punishment by failing to provide constitutional living conditions.

Based on the standards discussed above, liberally construed, Plaintiff has set forth enough facts to nudge his claim against Defendants across the line from conceivable to plausible. However, again the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 5. Eighth Amendment Claim Against Defendant John Le Duc

Plaintiff's fifth claim alleges that Defendant LeDuc's determination to place Plaintiff in an improperly heated observation cell without proper clothing and no mattress violated his rights under the Eighth Amendment prohibiting cruel and unusual punishment by failing to provide constitutional living conditions. Plaintiff alleges that as a result of the conditions in the observation cell he became physically ill.

Again, based on the standards discussed above, Plaintiff has set forth enough facts to nudge his claim against Defendants across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

6. "Deliberate Indifference" Claims Against Defendants Fred Britten and Robert Houston

Plaintiff's sixth claim alleges that Britten's and Houston's failure to investigate Hillman's involvment in the alleged plan to plant contraband in Plaintiff's cell constituted deliberate indifference.

As explained above, a prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

In addition, "the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*). Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted). Substantive due process rights are implicated when a state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (citations and quotations omitted).

Plaintiff here alleges that Britten's and Houston's failure to investigate the Plaintiff's allegation that Hillman knew of, and allowed, DCS employees to plant contraband in Plaintiff's cell constituted deliberate indifference to Plaintiff's safety and well being and caused him to be subjected to cruel and unusual punishment. Liberally construed, Plaintiff has set forth enough facts to nudge his claim against Defendant across the line from conceivable to plausible. As a result, Plaintiff's sixth claim against Defendants Houston and Britten may proceed. However, as with his other claims, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 7. Claims Against Defendant Nebraska Department of Correctional Services

"The Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity. However, damages claims against individual state employees acting in their official capacities are barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). When not specified, the law presumes that a defendant is sued *only* in an official capacity. *See generally Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that, to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state his intent in the pleadings).

Here, Plaintiff's Complaint states that he is suing the named DCS employees in both their individual and official capacities. Accordingly, Plaintiff's request for $200,000 in monetary damages from the Defendants in their official capacities is

dismissed. However, Plaintiff may proceed on his claims for monetary relief against Defendants in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendants Michele Hillman, Robert Houston, Fred Britten, Michelle Donovan, Aaron Smith, John LeDuc, Brian Kirkendall, Richard Brittenham, Brian Gage, John Doe #1, and John Doe #2, as set forth in this memorandum and order.

2. Plaintiff's due process claim against Defendants Hillman, Donovan and Smith is dismissed without prejudice. Plaintiff's claims for monetary relief against Defendants in their official capacities is dismissed with prejudice.

3. To obtain service of process on Defendants Hillman, Houston, Britten, Donovan, Smith, LeDuc, Kirkendall, Brittenham, Gage, John Doe # 1 and John Doe # 2 Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWELVE summons forms and TWELVE USM-285 forms (for service on Defendants in both their individual and official capacities) to Plaintiff together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: "May 28, 2008: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

January 30, 2008.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge