IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK E. MACGREGOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:07CV3263 |
| v. | ) | |
| | ) | |
| MICHELE HILLMAN, et al., | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Motion to Reinstate Claim #2 Against Defendants Hillman, Donovan, and Smith for Fourteenth Amendment Due Process Violations. (Filing No. 17.) In the court's January 30, 2008 Memorandum and Order conducting Initial Review of Plaintiff's Complaint, the court dismissed Plaintiff's claim against Defendants Hillman, Donovan and Smith, because Plaintiff failed to articulate the factual basis for the claim. (Filing No. 14.) In his motion, Plaintiff states that his due process claim is based on his allegation that Defendant Hillman, knew of, and allowed Defendants Donovan and Smith to plant contraband items in Plaintiff's cell.

    The court will construe Plaintiff's Motion to Reinstate Claim # 2 Against Defendants Hillman, Donovan, and Smith for Fourteenth Amendment Due Process Violations as a motion to amend his complaint.

    Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to

> test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

The court will permit Plaintiff until March 17, 2008 in which to amend his Complaint. Any amended complaint shall restate the original complaint in its entirety, as well as clarify the factual basis for Plaintiff's due process claim against Hillman, Donovan and Smith. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff does not file an amended complaint by March 17, 2008, the case will move forward on the original Complaint, as modified by this court's previous Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Reinstate Claim #2 Against Defendants Hillman, Donovan, and Smith for Fourteenth Amendment Due Process Violations (filing no. 17) is granted in part and denied in part as set forth in this Memorandum and Order.

2. Plaintiff shall have until March 17, 2008 in which to amend his Complaint.

3. The Clerk of court is directed to set a pro se case management deadline using the following language: amended complaint due March 17, 2008.

February 27, 2008.     BY THE COURT:

                       *s/Richard G. Kopf*
                       United States District Judge