IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK E. MACGREGOR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3263 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MICHELE HILLMAN, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on Plaintiff's Motion for Production of Documents (filing no. 37), Plaintiff's Motion for Court Order (filing no. 40), and Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Dismiss (filing no. 41).

**Discovery Motions**

  Plaintiff filed a Request for Production of Documents with this court. (Filing No. 37.) In general, when requesting discovery from an opposing party, Plaintiff does not need to file a request with the court. The court is usually only involved in discovery when a party fails to respond to discovery requests and after the requesting party has made a good-faith effort to confer with the opposing party, the requesting party is still unable to receive the requested materials. In such cases, Plaintiff may file a motion to compel in accordance with Federal Rule of Civil Procedure Rule 37 and NECivR 7.1(i). Accordingly, Plaintiff's Request for Production of Documents (filing no. 37) shall be denied as moot. Furthermore, it is also of note that in this case there is currently a Motion to Dismiss pending; therefore, any discovery requests made by Plaintiff to Defendants are premature.

  Plaintiff also filed with the court a Motion for Court Order requesting that this court order Defendants to provide Plaintiff with the current home address of

Defendant Aaron Smith. (Filing No. 40 at CM/ECF p. 1.) Plaintiff states that Defendant Smith is no longer an employee of the State of Nebraska and in order to properly effect service of process on Defendant Smith, Plaintiff needs Smith's home address. (*Id.*)

Plaintiff's Motion for Court Order shall be granted in part and denied in part. The court will not order Defendants to produce Smith's home address; however, under these circumstances, the court will permit Plaintiff to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules, before resolution of the pending Motion to Dismiss, for the limited purpose of determining Defendant Smith's last-known address, current place of employment, and other information which may be helpful to Plaintiff in effecting service of process on Defendant Smith. On the court's own motion, Plaintiff is permitted an additional 90 days in which to conduct this discovery and serve Defendant Smith with summons in his individual and official capacities. However, because there is a Motion to Dismiss currently pending, no other discovery is appropriate at this time.

**Motion for Extension of Time**

Plaintiff also filed a Motion for Extension of Time to respond to Defendants' Motion to Dismiss. (Filing No. 41.) In Plaintiff's motion, he asks this court for an extension of 90 days from April 3, 2008 to July 3, 2008 to respond to Defendants' Motion to Dismiss. However, a review of the court's records shows that Plaintiff's response to Defendants' Motion to Dismiss is not due until April 25, 2008.

Plaintiff's motion is granted in part and denied in part. The court will grant Plaintiff's Motion for Extension of Time, but Plaintiff shall only have until June 3, 2008 to respond to Defendants' Motion to Dismiss.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Production of Documents (filing no. 37) is denied as moot.

2. Plaintiff's Motion for Court Order (filing no. 40) is granted for the limited purpose of determining Defendant Aaron Smith's last-known address, current place of employment, and other information which may be helpful to Plaintiff in effecting service of process on Defendant Smith.

3. Plaintiff shall have an additional 90 days in which to conduct limited discovery as set forth above, and to effect service of process on Defendant Smith.

4. To obtain service of process on Defendant Smith, Plaintiff must complete and return the summons forms which the Clerk of the Court will provide. The Clerk of the Court shall send two (2) summons forms and two (2) USM-285 forms (for service on Defendant Smith in both his individual and official capacities) to Plaintiff, together with a copy of this memorandum and order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Amended Complaint, and Plaintiff does not need to do so.

6. Defendant Smith has twenty (20) days after receipt of the summons to

answer or otherwise respond to the Complaint.

7.   Plaintiff's Motion for Extension of Time (filing no. 41) is granted in part and denied in part. Plaintiff shall have until June 3, 2008 to respond to Defendants' Motion to Dismiss.

8.   The Clerk of Court is directed to set a pro se case management deadline using the following language: Check for service of process on Aaron Smith on July 18, 2008.

9.   The Clerk of Court is directed to set a pro se case management deadline using the following language: Plaintiff's response to Defendants' Motion to Dismiss due on June 3, 2008.

April 22, 2008.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge