IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK E. MACGREGOR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3263 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELE HILLMAN, et. al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Defendants John LeDuc, Michelle Donovan, Brian Gage, Richard Brittenham, Brian Kirkendall, Michelle Hillman, Fred Britten, and Robert P. Houston, in their individual capacities only ("defendants"), have moved to dismiss the plaintiff's complaint against them for failure to state a claim upon which relief can be granted. Filing No. 38. The defendants argue that the allegations of the plaintiff's complaint do not support a claim under 42 U.S.C. § 1983 for violating plaintiff's rights under the Due Process Clause or the Eighth Amendment, and they cannot be held liable for plaintiff's alleged damages under the doctrine of qualified immunity.

The plaintiff has also filed a motion to compel responses to his written discovery requests. Filing No. 45. The defendants never responded to the plaintiff's motion to compel, and the deadline for responding has passed. The plaintiff's motion to compel is therefore deemed fully submitted.

For the reasons discussed below, the defendants' motion to dismiss will be denied, and the plaintiff's motion to compel will be granted.

MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(internal citations and quotation marks omitted).

The plaintiff is proceeding pro se. A pro se complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," (Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)), but it must nonetheless allege facts sufficient to state a claim. Stringer v. St. James R-1 School Dist., 446 F.3d 799 (8th Cir. 2006). "Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer, 446 F.3d at 802 (internal citations and quotation marks omitted).

    A.    The Operative Complaint.

On initial review, the court held that the plaintiff's original complaint stated § 1983 claims for alleged violations of the Eighth amendment, but failed to allege any claim for relief under the Due Process Clause. At plaintiff's request, (filing no. 17), plaintiff was granted leave to file an amended complaint to further allege the basis of

2

his due process claim. Filing No. 31. The plaintiff timely filed his amended complaint, but the amended complaint did not include the attachments to the original complaint identified as exhibits 1 through 33. The plaintiff has specifically requested that the documents attached to his original complaint be deemed attachments to the amended complaint, explaining that he filed the "originals" with the court and was unable to re-file them with his amended complaint. Filing No. 36-2.

In accordance with the plaintiff's request, the plaintiff's amended complaint is deemed to consist of plaintiff's "Amended Complaint," (filing no. 36), plus exhibits 1 through 33 of plaintiff's original complaint. Filing No. 1, at CM/ECF pp. 22-56. However, as held in the court's initial review, the plaintiff's damage claims against the defendants in their official capacity have been dismissed with prejudice. Those claims have not been reinstated by plaintiff's act of filing an amended complaint. The defendants' pending motion seeks dismissal of plaintiff's claims against the named and served defendants in their individual capacity as set forth in plaintiff's amended complaint.

In accordance with the court's prior order, the plaintiff's amended complaint "restate[s] the original complaint in its entirety," and "clarif[ies] the factual basis for Plaintiff's due process claim against Hillman, Donovan and Smith." Filing No. 31, at CM/ECF p. 2. A page-by-page comparison of the original and amended complaint establishes that, with the exception of additions to the factual allegations at page 15 (paragraphs 71 [sic] and 74), (filing no. 36, at CM/ECF p. 15), and additional allegations of harm and requests for relief at page 17, (filing no. 36, at CM/ECF p. 17), the amended complaint is identical to the original complaint.

    B.    The Plaintiff's Claims.

The plaintiff's complaint seeks an award of damages from the defendants in their individual capacities because they violated his Eighth Amendment and due

3

process rights. The defendants argue the plaintiff's complaint fails to state a cognizable claim for relief and must be dismissed.

    1.    Eighth Amendment Claims.

The procedural history of this case reveals that the defendants' Eighth Amendment arguments were addressed by the court on initial review of the plaintiff's original complaint. Filing No. 14. The plaintiff's original complaint alleged the plaintiff was placed in an observation cell and a "strip cell" for 26 days without adequate heat, clothing, or bedding, and explained the manner by which each of the defendants played a role in causing this allegedly unlawful conduct to occur. Specifically, as summarized in the court's initial review, the plaintiff alleged as follows:

- -- Defendants Donovan and Smith planted contraband in the plaintiff's cell which, in turn, exposed the plaintiff to unwarranted discipline;

- -- Defendants Hillman, LeDuc, Kirkendall, Brittenham, Gage, and Britten chose the discipline to be imposed, which included placing the plaintiff in a "strip cell" for 26 days without adequate heat, clothing, or bedding;

- -- This disciplinary decision was authorized under TSCI policies created by defendants Houston, Britten, and John Does 1 and 2;

- -- Defendant LeDuc carried out the disciplinary order by placing the plaintiff in the "strip cell" under the conditions previously described; and

- -- Defendants Britten and Houston refused to investigate the plaintiff's claim that defendant Hillman knew or should have known TSCI

4

>employees had planted the contraband in the plaintiff's cell, and therefore knew or had reason to know there was no justification for imposing any discipline on the plaintiff.

Filing No. 14, at CM/ECF p. 3.

Applying the Rule 12(b)(6) standard of review set forth in Twombly, the court's initial review decision held that the allegations of plaintiff's original complaint sufficiently stated Eighth Amendment claims against the defendants in their individual capacities. Although the plaintiff has since filed an amended complaint, (filing no.36), as to plaintiff's Eighth Amendment claims, the amended complaint is identical to the original complaint. The defendants have not asked the court to reconsider its rulings made on initial review, and their brief in support of dismissal does not argue that any portion of the initial review was legally or factually incorrect. The court will not re-visit the Eighth Amendment determinations made on initial review. The plaintiff's allegations, if true, support a claim for recovery under the Eighth Amendment.

   2.  Due Process Clause.

As to plaintiff's due process claim, the plaintiff's original complaint merely stated:

>74) The plaintiff further believes that the combined actions of defendants Hillman, Donovan, and Smith denied the plaintiff due process of law in violation of his rights under the Fourteenth Amendment of the United States Constitution.

Filing No. 1, at CM/ECF p. 15. The court ruled on initial review that this conclusory allegation was insufficient to state a due process claim.

5

With leave of the court, the plaintiff amended his due process claim. Read liberally, the plaintiff now alleges that he was placed on full restraint/double escort status on February 2, 2007, but did not know why. He therefore sent an interview inmate request (kite) to defendant Hillman on February 5, 2007, asking her to explain why he was placed in this status. Defendants Donovan and Smith planted contraband in the plaintiff's cell on February 8, 2007, and then performed a cell search, "discovered" the contraband, and filed a misconduct report. The plaintiff alleges Donovan and Smith planted the contraband and filed the misconduct report, and Hillman knew but turned a blind eye to their conduct, "so that plaintiff would be punished for the kites." Filing No. 36, at CM/ECF p. 15. The plaintiff alleges the combined acts of Donovan, Smith, and Hillman violated his right to liberty and property by subjecting him to state-sponsored entrapment; removing all his property from this cell; turning the cell into a "strip cell," with no heat, cold air blowing in from outside the cell, and inadequate clothing/bedding to keep warm, for a period of 26 days; placing the plaintiff in disciplinary segregation for 30 days; and taking $142.05 of plaintiff's property. Filing No. 36, at CM/ECF p. 15.

The plaintiff claims that when he became aware of these wrongful acts by defendants Donovan, Smith, and Hillman, he immediately reported the conduct to defendants Britten and Houston, but these defendants refused to investigate the plaintiff's report, erroneously claiming his complaint was untimely. Filing No. 36, at CM/ECF p. 15.

An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files false disciplinary charges in retaliation for an inmate's exercise of constitutional rights. Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008). The filing of a false disciplinary charge against an inmate violates the inmate's substantive due process rights "if done in retaliation for his having filed a grievance pursuant to established procedures." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). See also, Trobaugh v. Hall, 176 F.3d 1087, 1089 (8th Cir.

1999))(reversing an award of compensatory damages as insufficient and asking the court to consider awarding punitive damages where the evidence established that a corrections officer placed an inmate in segregation to deliberately punish him for exercising his First Amendment right to submit grievances); Black v. Lane, 22 F.3d 1395, 1402 -1403 (7th Cir. 1994)("Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right."); Cale v. Johnson, 861 F.2d 943 (6th Cir.1988)(holding an inmate's substantive due process rights were violated by a prison official's act of planting drugs on the inmate because the inmate complained about the food). "Prison officials cannot properly bring a disciplinary action against a prisoner for filing a grievance that is determined by those officials to be without merit anymore than they can properly bring a disciplinary action against a prisoner for filing a lawsuit that is judicially determined to be without merit." Sprouse, 870 F.2d at 452.

An inmate who presents evidence that the disciplinary charges against him were false and made in retaliation for filing a grievance "need not show a separate, independent injury as an element of his case. Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself." Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994). "In short, when retaliatory conduct is involved, there is no independent injury requirement." Dixon, 38 F.3d at 379. See also, Scott v. Churchill, 377 F.3d 565, 572 (6th Cir. 2004)(holding an inmate could pursue a § 1983 retaliation claim against the prison guard who knowingly filed false disciplinary charges even though the inmate was ultimately exonerated on the false charges by a correctional facility hearing officer). But see, Leslie v. Doyle, 125 F.3d 1132 (7th Cir. 1997)(holding an inmate who was allegedly placed in disciplinary segregation as result of baseless charges filed by prison guard could not obtain § 1983 recovery for alleged due process violations where procedural

due process was afforded, he was exonerated by the prison review board, and his placement in disciplinary segregation did not implicate a protected liberty interest).

The plaintiff has alleged that Donovan and Smith planted contraband in his cell to retaliate against him for filing a kite, and that Hillman (their supervisor) knew or should have known of Donovan's and Smith's misconduct, yet she allowed the plaintiff to be punished on the basis of false charges. If the correctional facility afforded the plaintiff procedural due process on the allegedly false charges as required under Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974), and any requested hearing resulted in a decision against the plaintiff, the plaintiff would not be allowed to maintain this lawsuit provided there was "some evidence" offered in support of the impartial hearing officer's decision. Hartsfield, 511 F.3d at 830)("[A] correction officer's report, even if standing alone and disputed, suffices as 'some evidence' on a disputed fact when deemed credible in an impartial hearing."). See also, Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir.1986)(holding the filing of false disciplinary charges against an inmate is not a constitutional violation provided the inmate is afforded a hearing on the charges); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984)("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.").

However, assuming the facts alleged to be true, the plaintiff was not provided notice of the disciplinary charges against him, and though he timely filed a grievance once he discovered he was being disciplined on false charges, he was denied any access to administrative review and/or a disciplinary hearing as mandated under the due process clause. Dible v. Scholl 506 F.3d 1106, 1110 (8th Cir. 2007)("In a prison disciplinary proceeding, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, consistent with correctional goals and safety,

8

to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action.").

> The procedural due process protections are the major means of protection prisoners have from arbitrary government actions, including the actions attributed to the guards in this case. When the procedural protections are not provided, an inmate may be subjected to arbitrary actions with impunity.

Hanrahan, 747 F.2d at 1141(holding the trial court erred in dismissing an inmate's due process claim where prison adjustment committee members denied the inmate's claim that prison guards had planted false evidence in his cell, and adjudged the inmate guilty of disciplinary violation, but never provided the inmate with a statement of the evidence they relied on in determining his guilt).

Assuming all the facts of the plaintiff's amended complaint to be true and complete, the amended complaint states a potentially viable claim under 42 U.S.C. § 1983 for violating the plaintiff's due process rights by retaliating against him for filing a grievance. See e.g., Cooper v. Schriro, 189 F.3d 781, 784 (8th Cir. 1999)(holding plaintiff's allegations that corrections officers shut off his water for five days and threatened his safety because he used the prison grievance system was sufficient to state a retaliation claim under 42 U.S.C. § 1983).

C. The Qualified Immunity Defense.

Having found that the plaintiff's amended complaint states facts sufficient to support § 1983 claims for recovery under the Due Process Clause and Eighth Amendment, the court must now consider whether the defendants are shielded from liability for these claims under the doctrine of qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001)(holding that the threshold inquiry a court must make in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a

9

constitutional violation). Qualified immunity shields government officials from suit, unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity serves "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Saucier v. Katz, 533 U.S. at 206. For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand and have "fair warning" that what he is doing violates that right. Hope v. Pelzer, 536 U.S. 730, 739 (2002). However, "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope, 536 U.S. at 741.

The plaintiff's amended complaint actually raises three distinct constitutional claims: 1) Defendants Donovan, Smith, and Hillman violated the plaintiff's substantive due process rights by planting false evidence and knowingly advancing false disciplinary charges against the plaintiff in retaliation for filing a grievance; 2) Defendants Hillman, LeDuc, Kirkendall, Brittenham, Gage, Britten, Houston, and John Does 1 and 2 violated the plaintiff's Eighth amendment rights by either creating policies which allowed, choosing to impose, or implementing a disciplinary order that placed the plaintiff in a "strip cell" for 26 days without adequate heat, clothing, or bedding; and 3) Defendants Britten and Houston violated plaintiff's procedural due process rights by summarily denying the plaintiff's grievance and claim that the discipline was based on "planted" contraband.

Assuming the facts alleged in the plaintiff's amended complaint are both true and complete, qualified immunity provides no defense to plaintiff's claims. At least as early as 1989, the Eighth Circuit clearly stated that an inmate has a constitutional right to be free from retaliation for filing grievances. See, Sprouse, 870 F.2d at 452. Moreover, it is simply implausible to argue that "planting" contraband in an inmate's cell and filing false disciplinary charges could be considered acceptable conduct by a corrections officer and worthy of qualified immunity protection. Qualified

immunity does not provide a basis for dismissal of plaintiff's substantive due process claim against defendants Donovan and Hillman.[1] Scott, 377 F.3d at 572)(holding an inmate's right to be free from retaliation, in the form of issuing a false major misconduct ticket, was clearly established, and the guard who filed the false charges was not entitled to qualified immunity).

Likewise, before plaintiff's alleged punitive confinement was imposed, defendants Hillman, LeDuc, Kirkendall, Brittenham, Gage, Britten, Houston, and John Does 1 and 2 had "fair warning" that the plaintiff had a clearly established right to "the minimal civilized measure of life's necessities." Williams v. Delo, 49 F.3d 442, 445 (8th Cir.1995). See also, Finney v. Arkansas Bd. of Correction, 505 F.2d 194, 208 (8th Cir.1974)(holding prisoners placed in punitive confinement cannot be deprived of basic necessities including light, heat, ventilation, sanitation, clothing and a proper diet). Although "the Eighth Amendment is violated in strip cell cases only if, after viewing the totality of the circumstances, including the extent of plaintiff's injuries, the fact finder concludes that defendant's conduct was so inhumane, base, or barbaric so as to shock one's sensibilities," (id. (internal citations and quotation marks omitted)), the plaintiff's complaint alleges he was exposed to 26 days of punitive confinement, during which he was deprived of heat, clothing, and bedding, which resulted in significant sleep deprivation and illness. Such facts, if found to be true, support a claim that the plaintiff's conditions of confinement violated rights clearly established under the Eighth Amendment. See e.g., Maxwell v. Mason, 668 F.2d 361, 363 (8th Cir. 1981)(holding plaintiff's punitive confinement in isolation for fourteen days, without adequate clothing or bedding, supported trial court's finding of an Eighth Amendment violation). Under the facts alleged, qualified

---

[1] Qualified immunity would likewise not provide a defense to the claims against defendant Smith, but this defendant has not been served and, accordingly, defendants' motion to dismiss has not been brought on Smith's behalf.

immunity cannot provide a basis for dismissal of plaintiff's Eighth Amendment claims under Rule 12(b)(6).

Read liberally, the plaintiff's complaint also alleges defendants Britten and Houston failed to afford him an opportunity to challenge the false charges filed against him in violation of his procedural due process rights. The plaintiff's procedural due process rights were clearly established by the Supreme Court in 1974. See, Wolff, 418 U.S. at 563-68. The plaintiff's procedural due process claims are not subject to dismissal under Rule 12(b)(6) on the basis of qualified immunity. See, Dible, 506 F.3d at 1111 ("When Dible's disciplinary notice was issued, 29 years had passed since the Supreme Court first declared what due process required in a prison disciplinary notice. Wolff, 418 U.S. at 564, 94 S.Ct. 2963. Twenty-nine years is enough time that 'a reasonably competent public official should know the law governing his conduct.' See Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).").

The defendants' motion to dismiss the plaintiff's amended complaint for failure to state a claim must be denied. The plaintiff is cautioned, however, that this ruling does not mean the plaintiff will prevail on the merits. The ruling is based on assuming that all the facts alleged by the plaintiff are true and complete. The defendants must now file an answer that responds to the plaintiff's allegations, and can raise additional defenses to the plaintiff's claims. Ultimately, a final decision, whether for or against the plaintiff, will be rendered on the facts that are both properly submitted to the court or trier of fact by the parties <u>and</u> proved to be true.

## MOTION TO COMPEL

The plaintiff has filed a motion to compel answers to written discovery requesting the last known home address, current place of employment, and any other information concerning the current whereabouts of named defendant Aaron Smith.

Filing No. 45. The plaintiff attempted to serve Aaron Smith at TSCI, and the summons was delivered to and signed by Deputy Warden Brian Gage at that facility by the United States Marshal. Filing No. 26. Aaron Smith is no longer employed at TSCI, (filing no. 40, at CM/ECF p. 7), and he has not entered an appearance in this case, either personally or through counsel.

The plaintiff therefore moved the court for an order requiring defendant Houston or the Nebraska Attorney General to provide the plaintiff with the current home address of defendant Aaron Smith so that Smith can be served. Filing No. 40. The court denied the defendant's motion, but further held:

> [U]nder these circumstances, the court will permit Plaintiff to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules, before resolution of the pending Motion to Dismiss, for the limited purpose of determining Defendant Smith's last-known address, current place of employment, and other information which may be helpful to Plaintiff in effecting service of process on Defendant Smith. On the court's own motion, Plaintiff is permitted an additional 90 days in which to conduct this discovery and serve Defendant Smith with summons in his individual and official capacities.

Filing No. 42, at CM/ECF p. 2.

The plaintiff's pending motion to compel, with supporting evidence submitted under oath, was filed on June 16, 2008. The defendants never responded to the motion. The plaintiff's evidence is therefore undisputed. Based on the plaintiff's submission, the plaintiff served written discovery on defendants' counsel on April 23, 2008, requesting the last know address, current place of employment and any other information which may assist the plaintiff in locating Aaron Smith. Filing No. 45, at CM/ECF p. 2, ¶ 2, and p. 4. The plaintiff received no response to this discovery within thirty days. Filing No. 45, at CM/ECF p. 2, ¶ 4. He therefore sent a letter to defense counsel on May 23, 2008, informing defense counsel that since the

13

defendants had not timely objected to the discovery requests, any objections were waived. The letter advised defense counsel that if answers to plaintiff's discovery requests regarding Aaron Smith's whereabouts were not received by June 6, 2008, the plaintiff would file a motion to compel. Filing No. 45, at CM/ECF p. 2, ¶ 5, and p. 6.

As of June 13, 2008, when the plaintiff signed and served his motion to compel, defense counsel had not responded to plaintiff's discovery requests or his letter demanding discovery answers. The plaintiff is therefore unable to locate Aaron Smith to serve his complaint. Filing No. 45, at CM/ECF p. 3, ¶ 8.

The plaintiff's motion to compel requests an order compelling the defendants to respond to plaintiff's discovery or, in the alternative, to serve Smith with a copy of the complaint and summons and file a proof of service. Filing No. 45, at CM/ECF p. 3, ¶ 9-10. The certificate of service accompanying plaintiff's motion to compel states the motion, and its supporting affidavit and exhibits, were served on defense counsel on June 13, 2008. The motion was also electronically filed, and defense counsel would thereby receive notice of the motion. Defense counsel has not responded to the motion.

By failing to timely object to the plaintiff's discovery, and failing to respond to plaintiff's motion to compel, the defendants have waived any objection to plaintiff's pending discovery requests. The plaintiff's motion to compel will be granted, and the defendants will be ordered to serve answers to the plaintiff's discovery concerning the whereabouts of Aaron Smith, a copy of which can be found at Filing No. 45, at CM/ECF p. 4 (Exhibit 42), on or before October 1, 2008. In

14

accordance with Nebraska Civil Rule 33.1(e),[2] the defendants shall file a certificate of service upon serving these discovery answers.

IT IS ORDERED:

(1) In accordance with the plaintiff's request, the plaintiff's amended complaint is deemed to consist of plaintiff's "Amended Complaint," (filing no. 36), plus exhibits 1 through 33 of plaintiff's original complaint, (filing no. 1, at CM/ECF pp. 22-56).

(2) As explained in the court's ruling on initial review, the plaintiff's damage claims against the defendants in their official capacity remain dismissed with prejudice.

(3) The Rule 12(b)(6) motion to dismiss filed by Defendants John LeDuc, Michelle Donovan, Brian Gage, Richard Brittenham, Brian Kirkendall, Michelle Hillman, Fred Britten, and Robert P. Houston, in their individual capacities only, (filing no. 38), is denied.

(4) The named and served defendants, in their individual and official capacities,[3] are given until October 1, 2008 to file their answer to plaintiff's amended complaint.

---

[2]The local rules can also be found on the court's website at http://www.ned.uscourts.gov/localrules.

[3]The court notes that the plaintiff's original and amended complaints seek both damages and injunctive relief against all the named defendants in their official and individual capacities. Although the damage claims against the defendants in their official capacities were dismissed with prejudice on initial review, the claims for injunctive relief remain pending. No one has entered an appearance or filed a response to the plaintiff's original or amended complaint on behalf of the named defendants in their official capacities.

15

(5) The plaintiff's motion to compel, (filing no. 45), is granted. With the exception of Aaron Smith, the named defendants shall serve answers to the plaintiff's pending discovery requests, a copy of which can be found at Filing No. 45, at CM/ECF p. 4 (Exhibit 42), on or before October 1, 2008, and shall file a certificate of service in accordance with Nebraska Civil Rule 33.1(e) when these discovery answers are served.

(6) The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 1, 2008–defendants' deadline for filing an answer and for serving their answers to plaintiff's written discovery regarding the whereabouts of Aaron Smith.

DATED this 18th day of September, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge