IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK E. MACGREGOR, | ) | 4:07CV3263 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHELE HILLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel. (Filing No. 51.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied.

Also before the court is Plaintiff's Notice to the Court which indicates that Plaintiff "is unable to proceed" with this action because Defendants have "confiscated" all of Plaintiff's "legal books and materials." (Filing No. 50 at CM/ECF p. 1.) The court is concerned that Defendants may be interfering with Plaintiff's ability to prosecute this action pro se. The court will therefore require Defendants to file a response to the Notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (filing no. 51) is denied.

2.  No later than March 5, 2009, Defendants shall file a response to Plaintiff's Notice to the Court. (Filing No. 50.) In particular, Defendants shall inform the court of any steps taken to insure that Defendants have not interfered with Plaintiff's prosecution of this action and whether all of Plaintiff's legal materials have been confiscated.

February 6, 2009.					BY THE COURT:

						*s/Richard G. Kopf*
						United States District Judge